Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
Ernesto Aguilar

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>JM & ASSOCIATES,<br><br>Defendant. | Case No.: 08 1469<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

---

[1] 15 U.S.C. §§ 1692(a)-(e)

COMPLAINT FOR DAMAGES                    PAGE 1

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. ERNESTO AGUILAR, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of JM & ASSOCIATES, ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, these allegations are made on information and belief. Further, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff(s), or to their attorneys, which are alleged on personal knowledge.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-

---

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**     **PAGE 2**

1  1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq..

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

9. Plaintiff is a natural person who resides in the City of Newark, County of Alameda, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Riverside, County of Riverside, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

//

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before December 1, 2007, Plaintiff allegedly incurred financial obligations to FDIM that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before December 1, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before December 1, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about December 1, 2007, Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

22. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

1  defined by Cal. Civ. Code 1788.2(b), and an "initial communication"
2  consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).
3  23. Defendant failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.
24. Defendant, a third party, and a debt collector as defined pursuant to Cal. Civ. Code § 1788.2(c), failed, in the manner prescribed by Cal. Civ. Code § 1812.700(b) or Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the RFDCPA, Cal. Civ. Code 1788 et seq.
25. During the conversation on or about December 1, 2007, Plaintiff spoke with "Mr. Whitman," an agent of JM & Associates, regarding the alleged debt.
26. In this communication with Plaintiff from Defendant, Defendant stated "I will get the money out of you no matter what it takes."
27. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. §

1692e(5).

28. The communication made by Defendant to Plaintiff was conduct that natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692d and 1692d(2), and because this action violated 15 U.S.C. §§ 1692d and 1692d(2), it also violated Cal. Civ. Code § 1788.17.

29. This statement is an unfair or unconscionable means to collect or attempt to collect the alleged debt, violating 15 U.S.C. § 1692f.

30. Because this action violated 15 U.S.C. § 1692e(5) and 1692(f) it also violated Cal. Civ. Code 1788.17.

31. During this communication, Defendant called the Plaintiff an "uneducated moron" and a "liar."

32. The communication made by Defendant to Plaintiff was conduct that natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692d and 1692d(2), and because this action violated 15 U.S.C. §§ 1692d and 1692d(2), it also violated Cal. Civ. Code § 1788.17.

33. This statement is an unfair or unconscionable means to collect or attempt to collect the alleged debt, violating 15 U.S.C. § 1692f.

34. Because this action violated 15 U.S.C. § 1692(f) it also violated Cal. Civ. Code 1788.17.

35. In this communication between the Defendant and the Plaintiff, Defendant stated, "Even though you filed bankruptcy, it doesn't apply to the money you owe us or FDIM."

36. The communication made by Defendant to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f(1), and because this action violated 15 U.S.C.

§§ 1692e, 1692e(2), 1692e(10) and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

37. During this communication, Defendant stated, "You have a lot of nerve not paying them."

38. The communication made by Defendant to Plaintiff was conduct that natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692d and 1692d(2), and because this action violated 15 U.S.C. §§ 1692d and 1692d(2), it also violated Cal. Civ. Code § 1788.17.

39. During this communication between the Defendant and the Plaintiff, the Defendant stated, "I ran your credit report and saw that you just took out a loan for a new car."

40. During this communication, Defendant stated a string of obscenities after Plaintiff told the Defendant to "stop calling."

41. The communication made by Defendant to Plaintiff was conduct that natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692d and 1692d(2), and because this action violated 15 U.S.C. §§ 1692d and 1692d(2), it also violated Cal. Civ. Code § 1788.17.

42. This statement is an unfair or unconscionable means to collect or attempt to collect the alleged debt, violating 15 U.S.C. § 1692f.

43. Because this action violated 15 U.S.C. § 1692(f) it also violated Cal. Civ. Code 1788.17.

44. Because the Defendant used obscene and profane language in an attempt to collect an alleged debt the Defendant also violated Cal. Civ. Code 1788.11(a).

45. Sometime after the conversation on or about December 1, 2007, Defendant sent a letter to the Plaintiff's sister regarding the alleged debt, a third party as that term is addressed in 15 U.S.C. § 1692c(b).

46. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

47. Because this communication did not comply with certain provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

48. On or about February 26, 2008, Defendant's agent Patrick Walsh, contacted Plaintiff by telephone and demanded payment of the alleged debt.

49. During this communication Plaintiff again informed Defendant that Plaintiff no longer was responsible for the debt due to bankruptcy.

50. During this communication, Defendant stated, "It doesn't matter that you filed bankruptcy, you still owe us the money."

51. The communication made by Defendant to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f(1), and because this action violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

52. The Defendant has repeatedly called the Plaintiff over one hundred (100) times regarding the alleged debt within the past year.

53. The communication made by Defendant to Plaintiff was conduct that natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt. As such, this action by Defendant

violated 15 U.S.C. §§ 1692d and 1692d(5), and because this action violated 15 U.S.C. §§ 1692d and 1692d(5), it also violated Cal. Civ. Code § 1788.17.

54. This statement is an unfair or unconscionable means to collect or attempt to collect the alleged debt, violating 15 U.S.C. § 1692f.

55. Because this action violated 15 U.S.C. § 1692(f) it also violated Cal. Civ. Code 1788.17.

56. The Defendant continuously and frequently called the Plaintiff thereby Defendant used an unreasonable means to collect an alleged debt, which constitutes harassment, violating Cal. Civ. Code 1788.11(d) and 1788.11(e).

57. The actions of the Defendant have caused or made worse the Plaintiff's following aliments: sleeplessness, feelings of hopelessness, pessimism, nervousness, restlessness, irritability, fear of answering the telephone, feelings of guilt or helplessness, depression, and other physical symptoms such as headaches and digestive disorders.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

60. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

63. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 3/13/08

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

Case 3:08-cv-01469-TEH   Document 1-2   Filed 03/17/2008   Page 1 of 1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
ERNESTO AGUILAR

## DEFENDANTS
JM & ASSOCIATES

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ALAMEDA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** RIVERSIDE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
JOSHUA B. SWIGART, HYDE & SWIGART 619-233-7770
411 CAMINO DEL RIO S., STE 301, SAN DIEGO, CA 92108

**ATTORNEYS (IF KNOWN)**
UNKNOWN

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (diversity cases only)

## IV. ORIGIN
[X] Original Proceeding

## V. NATURE OF SUIT
[X] 480 Consumer Credit

## VI. CAUSE OF ACTION
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. SECTION 1692 ET SEQ., VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE SECTIONS 1788-1788.32 (RFDCPA)

## VII. REQUESTED IN COMPLAINT:
DEMAND $75.00
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: 3/14/08

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL