Mark E. Ellis - 127159
Darrell W. Spence - 248011
ELLIS, COLEMAN, POIRIER, LAVOIE,
 & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant
J.M. & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO AGUILAR | Case No.:  08-cv-01469-TEH |
| Plaintiff, | **DEFENDANTS J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| J.M. & ASSOCIATES, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Defendant JM & ASSOCIATES, hereby respond to plaintiff's Complaint as follows:

1. As to Paragraph 1, Defendant admits that Plaintiff has restated a portion of **15 U.S.C. § 1692**.

2. As to Paragraph 2, Defendant admits that Plaintiff has restated a portion of **California Civil Code  § 1788.1**.

3. As to Paragraph 3, Defendant denies the allegation therein that it attempted to collect a debt in an unlawful and abusive manner.  Defendant denies the allegation therein that its conduct caused Plaintiff damages.

4. As to Paragraph 4, does not require a response from Defendant

5. As to Paragraph 5, Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations therein.

DEFENDANT J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

6.   As to Paragraph 6, Defendant denies the allegations therein.

7.   As to Paragraph 7, Defendant admits that it does business in California. Defendant lacks sufficient information at this time to admit or deny that personal jurisdiction is established, and therefore denies the allegation therein.

8.   As to Paragraph 8, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

9.   As to Paragraph 9, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

10.  As to Paragraph 10, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

11.  As to Paragraph 11, Defendant admits the allegation contained therein.

12.  As to Paragraph 12, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

13.  As to Paragraph 13, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

14.  As to Paragraph 14, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

15.  As to Paragraph 15, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

16.  As to Paragraph 16, Defendant admits the allegation therein.

17.  As to Paragraph 17, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

18.  As to Paragraph 18, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

19.  As to Paragraph 19, Defendant lacks sufficient information at this time to admit or deny as to the exact time when Plaintiff "fell behind in the payments" owed on the subject debt.

20.  As to Paragraph 20, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

DEFENDANT J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

21. As to Paragraph 21, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

22. As to Paragraph 22, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

23. As to Paragraph 23, Defendant denies the allegations therein.

24. As to Paragraph 24, Defendant denies the allegations therein.

25. As to Paragraph 25, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

26. As to Paragraph 26, Defendant denies the allegations therein.

27. As to Paragraph 27, Defendant denies the allegations therein.

28. As to Paragraph 28, Defendant denies the allegations therein.

29. As to Paragraph 29, Defendant denies the allegations therein.

30. As to Paragraph 30, Defendant denies the allegations therein.

31. As to Paragraph 31, Defendant denies the allegations therein.

32. As to Paragraph 32, Defendant denies the allegations therein.

33. As to Paragraph 33, Defendant denies the allegations therein.

34. As to Paragraph 34, Defendant denies the allegations therein.

35. As to Paragraph 35, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

36. As to Paragraph 36, Defendant denies the allegations therein.

37. As to Paragraph 37, Defendant denies the allegations therein.

38. As to Paragraph 38, Defendant denies the allegations therein.

39. As to Paragraph 39, Defendant denies the allegations therein.

40. As to Paragraph 40, Defendant denies the allegations therein.

41. As to Paragraph 41, Defendant denies the allegations therein.

42. As to Paragraph 42, Defendant denies the allegations therein.

43. As to Paragraph 43, Defendant denies the allegations therein.

44. As to Paragraph 44, Defendant denies the allegations therein.

DEFENDANT J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

45. As to Paragraph 45, Defendant denies the allegations therein.

46. As to Paragraph 46, Defendant denies the allegations therein.

47. As to Paragraph 47, Defendant denies the allegations therein.

48. As to Paragraph 48, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

49. As to Paragraph 49, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

50. As to Paragraph 50, Defendant lacks sufficient information at this time to admit or deny, and therefore denies the allegation therein.

51. As to Paragraph 51, Defendant denies the allegations therein.

52. As to Paragraph 52, Defendant denies the allegation therein.

53. As to Paragraph 53, Defendant denies the allegations therein.

54. As to Paragraph 54, Defendant denies the allegations therein.

55. As to Paragraph 55, Defendant denies the allegations therein.

56. As to Paragraph 56, Defendant denies the allegations therein.

57. As to Paragraph 57, Defendant denies the allegations therein that its actions have caused Plaintiff's alleged ailments. Defendant lacks sufficient information at this time to admit or deny whether Plaintiff actually suffers from these ailments, and therefore denies the allegations therein.

58. As to Paragraph 58, Defendant repeats and incorporates by reference its responses to the foregoing paragraphs as though fully stated herein.

59. As to Paragraph 59, Defendant denies the allegations therein.

60. As to Paragraph 60, Defendant denies the allegations therein.

61. As to Paragraph 61, Defendant repeats and incorporates by reference its responses to the foregoing paragraphs as though fully stated herein.

62. As to Paragraph 62, Defendant denies the allegations therein.

63. As to Paragraph 63, Defendant denies the allegations therein.

64. As to Paragraph 64, Defendant denies the allegation therein.

///

DEFENDANT J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

65.   Defendant asserts that Plaintiff's claims fail, in whole or in part, to state cognizable claims for relief under the facts here.

### SECOND AFFIRMATIVE DEFENSE

66.   Defendant alleges that any violation of the FDCPA or Rosenthal FDCPA was the result of an unintentional, bona fide error made in good faith under **15 U.S.C. § 1692k(c)** and/or **Civil Code § 1788.30(e)**.

### THIRD AFFIRMATIVE DEFENSE

67.   Defendant alleges some or all of the claims are barred by virtue of the creditor's privilege arising under common law, or by virtue of the immunities found in **Civil Code § 47(c)** and **Civil Code § 1788.12(e)**.

### FOURTH AFFIRMATIVE DEFENSE

68.   Defendant alleges that its actions were taken with the implied consent of the Plaintiff, and, otherwise, were not intended to harm or injure the Plaintiff, but only to communicate for the purpose of a legitimate business need.

### FIFTH AFFIRMATIVE DEFENSE

69.   Defendant alleges that some or all of its communications with Plaintiff, if any, were intended solely to comply with the intent and applicable provisions of federal and state law, including, but not limited to, **Civil Code § 1785.26(b)**, **Civil Code § 1032**, **Civil Code § 1812.700**, and **15 U.S.C. § 1692g**.

### SIXTH AFFIRMATIVE DEFENSE

70.   Defendant denies that it, in any way, willfully and/or intentionally violated any provision of federal or state law.

### SEVENTH AFFIRMATIVE DEFENSE

71.   Defendant asserts the Complaint, and each cause of action therein, is barred by virtue of the doctrines of unclean hands, estoppel and waiver.

## EIGHTH AFFIRMATIVE DEFENSE

72.  Defendant alleges that the Complaint and each cause of action therein, is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

73.  Plaintiff's claim is subject to the defense of set-off and defendant is entitled to set-off any recovery by Plaintiff by the amount of any outstanding debts.

## TENTH AFFIRMATIVE DEFENSE

74.  Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

75.  Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

## TWELFTH AFFIRMATIVE DEFENSE

76.  Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

## THIRTEENTH AFFIRMATIVE DEFENSE

77.  Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

## FOURTEENTH AFFIRMATIVE DEFENSE

78.  Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to

1 | join an indispensable party, release, laches, and abatement.

## PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For costs of suit incurred herein; and
4. For reasonable attorney's fees pursuant to statute including, but not limited to, **15 U.S.C. § 1692k(a)(3)**, and **Civil Code § 1788.30**(e); and
5. For such other and further relief as the Court deems proper.

Dated: April 23, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHEIMER LLP

By _____
Mark E. Ellis
Attorney for Defendant
J.M. & ASSOCIATES

- 7 -

DEFENDANT J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

**REQUEST FOR JURY TRIAL**

Defendant J.M. & ASSOCIATES hereby demands a jury trial in this matter.

Dated: April 23, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By _____
Mark E. Ellis
Attorney for Defendant
J.M. & ASSOCIATES

- 1 -

DEFENDANT J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

## CERTIFICATE OF SERVICE

I, Ann Ricks, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 23, 2008, I served the following document(s) on the parties in the within action:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Joshua B. Swigart<br>Hyde & Swigart<br>411 Camino Del Rio South<br>Suite 301<br>San Diego, CA 92108 | Attorneys for<br>Plaintiff Ernesto Aguilar |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 23, 2008.

By _____*Ann Ricks*_____
    Ann Ricks

- 2 -

DEFENDANT J.M. & ASSOCIATES ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL